RYMER, Circuit Judge,
concurring in part and dissenting in part:
I agree that we are not barred by res adjudicata, law of the case, or rule of the mandate from reviewing Ajqui’s claim that the one-year bar applies to his asylum claim, but I would dismiss it for lack of jurisdiction. I agree that we should remand on the CAT claim.
While the IJ did not cite 8 C.F.R. § 208.4(a)(5) in her oral decision, she did identify the circumstances noted in the regulation, stating “Extraordinary circumstances may include serious illness or mental or physical disability of significant duration, legal disability, ineffective assistance of counsel, temporary protected status, and filing problems.” Thus I cannot say, as a matter of law, that the IJ ignored the regulation or its stipulation that “extraordinary circumstances” may include serious illness or mental disability— the circumstance at issue here.
As I read her decision, the IJ found that Ajqui presented conflicting testimony on the reasons for delay in filing. Ajqui stated that he did not file on time because he didn’t know how to apply, whereas his expert testified that Ajqui failed to apply before he was arrested because of post-traumatic stress disorder and fear of authorities. Therefore, the IJ concluded, Ajqui did not meet his burden of establishing extraordinary circumstances for failing to file within one year of entry. In my view, we lack jurisdiction to review this determination because the facts are in dispute, so neither a pure issue of law nor a mixed question of law and fact is presented. See Husyev v. Mukasey, 528 F.3d 1172, 1178-79 (9th Cir.2008).